**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arlington Valley Solar Energy II LLC, | No. CV-19-05595-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Fluor Enterprises Incorporated, | |
| Defendant. | |

This is a multimillion-dollar breach of contract and breach of warranty action arising out of an agreement between Plaintiff Arlington Valley Solar Energy II LLC ("AVSEII") and Defendant Fluor Enterprises Incorporated ("Fluor") for the construction of a solar power generation facility. AVSEII filed its complaint in Maricopa County Superior Court, but Fluor removed the case to federal court on the belief that AVSEII and Fluor are citizens of different states. *See* 28 U.S.C. § 1332(a)(1). AVESII asks the Court to remand the case because the parties are not completely diverse. As the party invoking federal jurisdiction, Fluor is responsible for demonstrating that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It has not done so, and the case will be remanded.[1]

It is well-established that, for diversity jurisdiction purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[T]he citizenship of unincorporated

---

[1] Oral argument is unnecessary.

associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Fluor is a citizen of California and Texas. AVSEII submits evidence that at least one of its members is a California citizen. Specifically, AVSEII has two members, (1) EFS Arlington, LLC and (2) LSP AVSEII Member, LLC. LSP AVSEII Member LLC's sole member is LSP Solar Energy Holdings, LLC, whose sole member is LS Power Genco, LLC, whose sole member is LSP Generation III, LLC, whose sole member is LS Power Associates, LP. The general partner of LS Power Associates is LS Power Capital, LP, whose limited partners include John King, a California resident. The parties therefore are not completely diverse.

Fluor raises three arguments against a remand: two legal, one factual, but none persuasive.

First, while acknowledging the general rule that LLCs and other unincorporated associations share the citizenship of each of their members, Fluor quarrels with whether it must trace the citizenship of AVSEII's members until it reaches an entity that is not a passthrough for jurisdictional purposes. Citing *Johnson* and *Fadal Machining Ctrs., LLC v. Mid-Atl. CNC, Inc.*, 464 F. App'x 672 (9th Cir. 2012), Fluor argues that at most the Ninth Circuit has endorsed an inquiry that ends at the third layer of entities. This argument is unpersuasive. The Ninth Circuit's inquiry ended at the third layer of entities in *Johnson* and *Fadal* because factually that is as far as the court could and needed to go to determine whether complete diversity existed. That the facts of those cases did not require or allow for further inquiry does not mean that the inquiry stops at the third layer of entities. Many jurisdictions, including the First, Third, Fifth, Sixth, and Seventh Circuits, have made explicit what the Ninth Circuit's *Johnson* decision clearly implies: such tracing continues until the court reaches an entity that is not a passthrough for jurisdictional purposes. *See, e.g.*, *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009); *Delay v. Rosenthal*

*Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Hart v. Terminex Intern.*, 336 F.3d 541, 543 (7th Cir. 2003).

Second, Fluor argues that the Court has subject-matter jurisdiction over this case because the parties' agreement includes a forum selection clause identifying the United States District Court for the District of Arizona as the forum in which they would litigate such disputes. (Doc. 7 at 12.) This argument is meritless. It is beyond dispute that parties cannot consent to or contract around subject-matter jurisdiction. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) ("lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties").

Third, Fluor suggests that AVSEII's jurisdiction evidence should be viewed skeptically because AVSEII alleged in state court that it is a Delaware LLC, and because the depositions of AVSEII's jurisdiction-related witnesses were muddled by improper speaking objections. (Doc. 37 at 5-11.) This argument is unpersuasive. If Fluor believed that AVSEII counsel's speaking objections during depositions hampered Fluor's ability to conduct jurisdiction-related discovery, it should have brought this issue to the Court's attention at that time. The Court set a limited, two-week discovery schedule on jurisdictional matters. The time for discovery is over. More importantly, however, Fluor bears the burden of proving that complete diversity exists; AVSEII is not responsible for proving the converse. And even if the evidence is somewhat convoluted, the law in the Ninth Circuit is clear: doubts are resolved *against* removal jurisdiction. *Gaus*, 980 F.2d at 566. For these reasons, the Court concludes that removal is improper.

In its reply memorandum, AVSEII asks the Court to award attorneys' fees pursuant to 28 U.S.C. § 1447(c), which permits the Court, in its discretion, to shift fees and costs incurred because of an improper removal.[2] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

---

[2] Fluor asks for permission to file a sur-reply to address the attorneys' fees issue (Doc. 42), which the Court will grant.

The Court finds that Fluor's legal arguments concerning how to determine the citizenship of an LLC and the effect of the parties' forum-selection clause on subject-matter jurisdiction were objectively unreasonable. The law governing this issue is clear and unforgiving. However, the Court finds that Fluor had an objectively reasonable basis for believing, as a factual matter, that AVSEII has no California or Texas members.

First, AVSEII alleged in its state court complaint that it is a Delaware LLC. Although AVSEII did not make this allegation for purposes of establishing federal jurisdiction, is was not unreasonable for Fluor to read into that allegation that AVSEII's members all are Delaware residents. Second, although the parties' forum-selection clause does not confer federal jurisdiction, it provided a reasonable basis for Fluor to believe that the parties were completely diverse. Indeed, why sophisticated business entities agreed to litigate contract-related disputes (which are not federal claims) in federal court when they are not completely diverse is lost on the Court. Finally, despite Fluor's repeated pre-removal requests, AVSEII failed to provide documentation corroborating its citizenship claims until after this case was removed. This is information in AVSEII's possession. Confronting a looming deadline, it was not unreasonable for Fluor to remove the case given AVSEII's failure to provide requested supporting documentation.[3] The Court will deny AVSEII's fee request.

//
//
//
//
//
//
//

---

[3] With that said, it would have been reasonable for Fluor to stipulate to a remand once jurisdiction-related discovery completed. To expend so much time and money litigating the propriety of removal when there is evidence that AVESII's members include a California resident seems wasteful, especially when Arizona's superior courts are just as capable of resolving contract disputes as this Court. But the Court cannot say that it was unreasonable for Fluor to remove in the first instance.

**IT IS ORDERED** as follows:

1. Fluor's motion for leave to file a sur-reply (Doc. 42) is **GRANTED**.
2. AVSEII's motion to remand (Doc. 29) is **GRANTED** but its request for fees is **DENIED**. The Clerk is directed to remand this matter to the Maricopa County Superior Court.[4]

Dated this 23rd day of April, 2020.

Douglas L. Rayes
United States District Judge

---

[4] For this reason, the Court does not address Third-Party Defendant Bold Renewables, LLC's motion to dismiss Fluor's third-party complaint. (Doc. 32.) Resolution of that motion will be left to the Maricopa County Superior Court.

- 5 -